1
2
3
4                           UNITED STATES  DISTRICT COURT
5                              Northern District of California
6
7   JPMORGAN CHASE BANK,                    No. C 12-0941 MEJ
8                    Plaintiff(s),          **ORDER FOR CLERK OF COURT TO
                                            REASSIGN CASE**
9          v.
    ELLIE SALGADO,                          **REPORT & RECOMMENDATION**
10
                     Defendant(s).
11  _____/
12
13          On February 24, 2012, Defendant Ellie Salgado removed this unlawful detainer action from
14  Santa Cruz County Superior Court.  However, as it appears that jurisdiction is lacking and the case
15  should be remanded to state court, the Court ordered Defendant(s) to show cause by March 15, 2012,
16  why this case should not be remanded.  No response has been received.  Based on this procedural
17  history, the Court finds it appropriate to remand this case.  As Defendant(s) has/have not consented to
18  the undersigned's jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a
19  district judge with the recommendation that this case be remanded to Santa Cruz County Superior
20  Court.  The order to show cause hearing is VACATED.
21          Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the
22  district courts of the United States have original jurisdiction, may be removed by the defendant or
23  the defendants, to the district court of the United States for the district and division embracing the
24  place where such action is pending."  Under 28 U.S.C. § 1332(a), a district court has original
25  jurisdiction over civil actions where the suit is between citizens of different states and the amount in
26  controversy, exclusive of interest and costs, exceeds $75,000.00.  The burden of establishing that
27  federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal
28  statute against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992)

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  (internal citations omitted).  Accordingly, "federal jurisdiction must be rejected if there is any doubt

2  as to the right of removal in the first instance."  *Id.* at 566.  Further, a district court must remand the

3  case to state court if it appears at any time before final judgment that it lacks subject matter

4  jurisdiction.  28 U.S.C. § 1447(c).

5        Here, the face of the complaint, which asserts only one state law claim for unlawful detainer,

6  does not provide any ground for removal.  An unlawful detainer action, on its face, does not arise

7  under federal law but is purely a creature of California law.  *Wells Fargo Bank v. Lapeen*, 2011 WL

8  2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2

9  (C.D. Cal. Nov. 22, 2010).  Further, even if Defendant(s) were to allege diversity jurisdiction,

10  Plaintiff(s) brought this action in California, as the property at issue is located in the state.  Where

11  diversity is cited as a basis for jurisdiction, removal is not permitted if a defendant in the case is a

12  citizen of the state in which the plaintiff originally brought the action, even if the opposing parties are

13  diverse.  28 U.S.C. § 1441(b).  Moreover, the amount in controversy requirement does not appear to

14  be met because the damages claim in this case is under $10,000.  Under 28 U.S.C. § 1332(a), a

15  district court has original jurisdiction over civil actions only where the amount in controversy,

16  exclusive of interest and costs, exceeds $75,000.

17        Finally, an anticipated federal defense or counterclaim is not sufficient to confer jurisdiction.

18  *Franchise Tax Bd. of Ca. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Berg v. Leason*,

19  32 F.3d 422, 426 (9th Cir.1994).  "A case may not be removed to federal court on the basis of a

20  federal defense, . . . even if the defense is anticipated in the plaintiff's complaint."  *ARCO Envtl.

21  Remediation, LLC v. Dept. of Health and Envtl. Quality of the State of Montana*, 213 F.3d 1108, 1113

22  (9th Cir. 2000); *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law

23  defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that

24  of federal preemption and is anticipated in the plaintiff's complaint.").  Thus, any anticipated defense,

25  such as a claim under the Protecting Tenants at Foreclosure Act ("PTFA"), Pub.L. No. 111–22, §

26  702, 123 Stat. 1632 (2009), is not a valid ground for removal.  *See e.g. Aurora Loan Services, LLC v.

27  Montoya*, 2011 WL 5508926, at *4 (E.D.Cal. Nov. 9, 2011); *SD Coastline LP v. Buck*, 2010 WL

28

UNITED STATES DISTRICT COURT
For the Northern District of California

2

1   4809661, at *2-3 (S.D.Cal. Nov.19, 2010); *Wescom*, 2010 WL 4916578, at 2–3; *Aurora Loan*

2   *Services, LLC v. Martinez*, 2010 WL 1266887, at * 1 (N.D.Cal. March 29, 2010).

3       Thus, as jurisdiction appears to be lacking, and Defendant(s) failed to respond to the order to

4   show cause, the Court finds that the burden of demonstrating grounds for jurisdiction has not been

5   met.  Accordingly, the undersigned finds that this case should be remanded.

6       Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to

7   this report and recommendation within 14 days after being served with a copy.

8       **IT IS SO ORDERED & RECOMMENDED.**

9

10  Dated: March 19, 2012

11                                     Maria-Elena James
                                   Chief United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JPMORGAN CHASE BANK

Plaintiff,

Case Number: 12-00941 MEJ

v.

**CERTIFICATE OF SERVICE**

ELLIE SALGADO

Defendant.

_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 19, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ellie Salgado
12330 1st Fork Road
Los Gatos, CA 95033

Dated: March 19, 2012

Richard W. Wieking, Clerk
By: Brenda Tolbert, Deputy Clerk

4